IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jeremy Clay Orr, | ) | Case No. 4:24-cv-01463-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director, Alvin S. Glenn Detention Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's pro se Petition. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On April 18, 2024, the Magistrate Judge issued a Report recommending that the Petition be summarily dismissed. ECF No. 12. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Petitioner filed objections.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge determined that this action is subject to summary dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971). The Magistrate Judge determined that abstention is appropriate based upon the relevant three-part test and that there are no special circumstances present to justify federal habeas review.

In his objections, Petitioner reiterates conditions of confinement claims. He further asserts that he has demonstrated special circumstances and that his state criminal counsel does not act on his behalf. He reasserts his right to a law library and states that he is not receiving medical care.

To the extent Petitioner raises claims that constitute conditions of confinement or deliberate indifference to serious medical needs claims, those allegations are inappropriate for federal habeas review. See, e.g., Duren v. McFadden, No. CV 1:16-3756-MBS-SVH, 2017 WL 1900277, n.3 (D.S.C. Feb. 28, 2017), report adopted, 2017 WL 1881343 (D.S.C. May 9, 2017). With respect to his allegations that he essentially does not have an attorney and he has filed a complaint against him, a review of the public

record nevertheless indicates that he is represented by counsel. https://publicindex.sccourts.org/Richland/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=2023A3220400169&CaseType=C&HKey=117674889801071028611911310574798290116103659953758456507965116498376100100708848971206856119101112 52 (last visited May 21, 2024).  Therefore, because he is represented by counsel and because he is a pretrial detainee and as explained by the Magistrate Judge, Petitioner's claim regarding access to the law library is subject to dismissal.  Further, upon review[1] of the record, the Report, and the applicable law, the Court agrees with the Magistrate Judge that Petitioner's claims are subject to abstention pursuant to *Younger*.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge. Accordingly, the Petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 10, 2024
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] As Petitioner filed objections, the Court's review of this action has been de novo.